IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LOWELL RENZENO CHILDS,

    Petitioner,

v.                                                     Civil Action No. 3:09cv793

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Lowell Renzeno Childs, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1.) Childs challenges the manner in which the Virginia Department of Corrections ("VDOC") has calculated his sentence. Respondent filed a Motion to Dismiss (Docket No. 14) and Rule 5 Answer (Docket No. 13), providing Childs with appropriate *Roseboro*[2] notice (Docket No. 16). Respondent contends that the statute of limitations bars this action. Childs has responded to the motion to dismiss, and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Although Childs has used the form for a habeas petition pursuant to 28 U.S.C. § 2241, he is incarcerated pursuant to the judgment of a Virginia court and must therefore proceed under 28 U.S.C. § 2254. *See Harley v. South Carolina*, No. 9:07cv01750, 2007 WL 2579444, at *2 (D.S.C. Sept. 4, 2007) (*citing Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004)).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

§§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 14) and DENY the Petition (Docket No. 1).

## I. Procedural History

Childs's claims involve the calculation of his sentences in light of his repeated failures to comply with the conditions of probation and re-imposition of previously suspended sentences. On November 12, 1996, the Circuit Court for the City of Virginia Beach ("the Circuit Court") sentenced Childs to a five-year term of imprisonment pursuant to a conviction for grand larceny, and suspended all but six months of the sentence on the condition that Childs be on good behavior for five years. (*Commonwealth v. Childs*, No. CR96-2145 (Va. Cir. Ct. Nov. 12, 1996).) The Circuit Court credited against Childs's sentence the time he spent incarcerated awaiting trial. On April 11, 2001, Childs was arrested and subsequently charged with grand larceny and with concealment - third or subsequent offense. On December 12, 2001, Childs pled guilty in the Circuit Court to one count of grand larceny and one count of concealment - third or subsequent offense. The Circuit Court sentenced Childs to five years on each count, to run concurrently, and suspended all but fourteen months of the sentence. (*Commonwealth v. Childs*, No. CR01-2937 (Va. Cir. Ct. Dec. 12, 2001).) Also on December 12, 2001, the Circuit Court held a revocation hearing, revoking and re-suspending the remaining four years and six months of the 1996 sentence. (*Commonwealth v. Childs*, No. CR96-2145 (Va. Cir. Ct. Dec. 12, 2001).)

Childs was released, but subsequently violated the terms of his probation. On October 29, 2003, the Court revoked the suspension of Childs's 1996 and 2001 sentences. The Circuit Court suspended "all but four months" of the previously imposed sentences, conditioned upon successful completion of supervised probation. (*Commonwealth v. Childs*, Nos. CR96-

2

2145, CR01-2937 (Va. Cir. Ct. Dec. 12, 2001).) This resulted in a four year and two month re-suspension of the 1996 sentence.

After his release, Childs again violated the conditions of his probation. On January 5, 2005, the Circuit Court again revoked the suspension of the previously imposed sentences, credited Childs with time served while awaiting trial, and re-suspended the unserved portion of his sentences. (*Commonwealth v. Childs*, Nos. CR96-2145, CR01-2937 (Va. Cir. Ct. Jan. 5, 2005).)

Childs once again violated the conditions of his release. On December 12, 2007, the Circuit Court again revoked the suspension of the previously imposed sentences. In conjunction with the 2001 sentence, the Circuit Court credited Childs with time served, and re-suspended the unserved portion of Childs's sentence. (*Commonwealth v. Childs*, No. CR01-2937 (Va. Cir. Ct. Dec. 12, 2007).) The Circuit Court also revoked the suspension of the 1996 sentence, and ordered Childs to serve the remaining four years and two months of that sentence. (*Commonwealth v. Childs*, Nos. CR96-2145, CR01-2937 (Va. Cir. Ct. Dec. 12, 2007).)

On August 27, 2009, Childs filed a state habeas petition in the Supreme Court of Virginia. (Petition, *Childs v. Warden, Haynesville Corr. Ctr.*, No. 091749.) Childs raised the following claims:

> Claim One: VDOC violated Childs's rights under the Due Process Clause[3] by forcing him to serve the five-year sentence imposed in 1996 twice.
>
> Claim Two: VDOC subjected Childs to double jeopardy by imposing two punishments for the 1996 conviction.

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

3

On September 24, 2009, the Supreme Court of Virginia dismissed the habeas petition as time-barred. (*Childs v. Warden, Haynesville Corr. Ctr.*, No. 091749 (Sept. 24, 2009).) On January 19, 2010, the Supreme Court of Virginia denied Childs's Petition for Rehearing. (*Childs v. Warden, Haynesville Corr. Ctr.*, No. 091749 (January 19, 2010).)

On November 18, 2009, Childs filed his present Petition in the United States District Court for the Eastern District of Virginia.[4] Childs raises the following claims:

Claim One: VDOC violated Childs's rights under the Due Process Clause by forcing him to serve the five-year sentence imposed in 1996 twice.

Claim Two: VDOC subjected Childs to double jeopardy by imposing two punishments for the 1996 conviction.

Respondent contends, *inter alia*, that the Petition is time-barred.[5]

## II. Analysis

### A. Statute of Limitations for Federal Habeas Petitions

Federal law imposes a one-year limitations period on state prisoners seeking to file a petition for a writ of habeas corpus. Specifically, 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[5] Because the Court finds Childs's claims to be time-barred, Respondent's other contentions are not addressed. While the Court does not address Childs's Petition on the merits, the Court notes that a review of the record indicates that Childs has not actively served his five-year sentence for the 1996 conviction more than once.

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement of the Limitations Period

Because the Petition challenges the execution of his sentence rather than the judgment "pursuant to which [Petitioner] is in custody," section 2244(d)(1)(D) applies. *Wade v. Robinson*, 327 F.3d 328, 332-33 (4th Cir. 2003) (emphasis omitted). Here, the relevant factual predicate for Childs's claims is VDOC's calculation of his sentence. *See id.* at 333 (applying section 2244(d)(1)(D) to the date on which the challenged action occurred). The limitations period therefore began to run on the date Childs could have discovered, through the exercise of due diligence, the allegedly illegal calculation of his sentence by VDOC.

In his motion for a rehearing of his state habeas petition, Childs explained that his "first notice of the VDOC's failure to credit him with the [time served credits] was on August 1, 2008 when he received a 'Legal Update Sheet' issued by VDOC on July 27, 2008, showing that his sentence credits had not been properly calculated." (Pet. for Rehearing, *Childs v. Mahon*,

5

No. 091749, ¶ 3 (Va. Oct. 27, 2009), *available at* Mem. Supp. Respt.'s Mot. to Dismiss, Ex. I.) An earlier legal update dated July 3, 2008 indicates that VDOC calculated that Childs faced four years and two months of imprisonment remaining from the 1996 sentence. Although Childs arguably should have discovered the factual predicate of his claims after receipt of the first sheet, the Court will afford Childs the benefit of the more generous August 1, 2008 commencement date. Nevertheless, the Petition is untimely.

The limitations period commenced on August 1, 2008. Thereafter, Childs had one year, or until Monday, August 3, 2009,[6] to file any federal habeas challenge to the execution of his sentence. 28 U.S.C. § 2244(d)(1)(D). Childs filed his federal habeas petition on November 18, 2009, after the August 3, 2009 expiration of the one-year statutory period of limitation. His federal habeas petition is time barred unless Childs is eligible for statutory or equitable tolling.

### C. Childs is Not Entitled to Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statutory period of limitation is tolled during the period in which "a *properly* filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). Childs twice sought state post-conviction relief. To determine whether Childs is entitled to statutory tolling, the Court must determine whether Childs's state applications were properly filed.

#### 1. Childs's First State Habeas Petition Was Not Properly Filed

On July 22, 2009, Childs mailed a state habeas petition to the Circuit Court for the City of Richmond. On August 3, 2009, Childs received a letter from the Clerk of the Circuit Court for

---

[6] Because August 1, 2009, the expiration of the one-year limitations period, fell on a Saturday, Childs had until the next business day, or Monday, August 3, 2009, to file a federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

6

the City of Richmond rejecting the Petition and explaining that Childs should file the state habeas petition in the Court in which he was convicted and sentenced.

Childs argues that his July 22, 2009 state petition should be considered as properly filed pursuant to section 8.01-654(A)(1) of the Virginia Code which grants jurisdiction to entertain habeas petitions to the Supreme Court of Virginia and "any circuit court." Va. Code § 8.01-654(A)(1).[7] The Court rejects this argument because the authority of a Virginia circuit court to entertain habeas corpus petitions is clearly limited in a subsequent subsection. Section 8.01-654(B)(1) provides: "With respect to any such petition filed by a petitioner held under criminal process, . . . only the circuit court which entered the original judgment order of conviction or convictions complained of in the petition shall have authority to issue writs of habeas corpus." *Id.* § 8.01-654(B)(1); *see also Bullock v. Dir., Dept. of Corr.*, 334 S.E.2d 150, 151 (Va. App. 1985) (interpreting similar provision in earlier version of § 8.01-654 to limit habeas jurisdiction to "the Supreme Court [of Virginia] or the Circuit Court which entered the original judgment order").

Childs's state habeas petition contained complaints related to convictions and sentences received in the Circuit Court for the City of Virginia Beach, yet he filed his first state habeas petition in the Circuit Court for the City of Richmond. Pursuant to section 8.01-654(B)(1), Childs's filing was improper and was rejected by the Circuit Court for the City of Richmond. Because the first state habeas petition was not "properly filed," Childs is not entitled to a period

---

[7] This subsection provides in full: "The writ of habeas corpus ad subjiciendum shall be granted forthwith by the Supreme Court or any circuit court, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority." Va. Code 8.01-654(A)(1).

of statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (explaining that an application for post-conviction relief is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including the "office in which it must be lodged"); *see also Johnson v. McCaughtry*, 265 F.3d 559, 564 (7th Cir. 2001).

### 2. Childs's Second State Habeas Petition Was Not Properly Filed

Thereafter, on August 27, 2009, Childs re-filed his state habeas petition in the Supreme Court of Virginia. On September 24, 2009, the Supreme Court of Virginia rejected the petition as untimely pursuant to section 8.01-654(A)(2) of the Virginia Code, which imposes a one-year limitations period on any habeas petition "other than a petition challenging a criminal conviction or sentence." Va. Code § 8.01-654(A)(2).[8] Because the second state habeas petition was untimely, it too failed to toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (alteration in original) (internal quotation marks omitted)); *Murray v. Johnson*, No. 2:09cv00476, 2010 WL 1372764, *4 (E.D. Va. Mar. 11, 2010).

Childs filed this federal Petition on November 18, 2009, after the expiration of the one-year statutory period of limitation, which commenced on August 1, 2008. The Petition is therefore time-barred unless Childs merits equitable tolling of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

---

[8] This section provides in relevant part: "A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code § 8.01-654(A)(2).

D. **Equitable Tolling**

Equitable tolling of the statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

Childs's failure to file his first state habeas application in the correct forum is not grounds for equitable tolling. Although section 8.01-654(A)(1) of the Virginia Code provides the power to grant habeas relief to "any circuit court," section 8.01-654(B)(1) clearly allows only "the circuit court which entered the original judgment order of conviction" to grant habeas relief to any "petitioner held under criminal process." Childs's mistake in reading the statute is "not extenuated by any lack of clarity in the statute" and cannot qualify as an "extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit." *Harris*, 209 F.3d at 330-31 (holding that mistaken interpretation by counsel of 28 U.S.C. § 2244(d), and subsequent untimely filing, was not "extraordinary circumstance" where statute clearly indicated that limitations period began on the conclusion of direct review rather than the conclusion of post-conviction proceedings).

Further, Childs's subsequent failure to timely file his second state habeas application was due in large part to Childs allowing all but twelve days of the deadline for filing to elapse before

9

attempting to file the first petition. Although Childs discovered the alleged error in the execution of his sentence on August 1, 2008, Childs waited until July 22, 2009 to file any state habeas petition. Childs's own delay clearly cannot constitute an extraordinary circumstance beyond his control or external to his own conduct, and equitable tolling is inappropriate in these circumstances. *See Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (denying equitable tolling where the petitioner filed state habeas petition with only one day remaining in federal limitations period).

Childs is not entitled to a period of equitable tolling. Therefore, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 14.) The Court will DISMISS Childs's claims and DENY the Petition. (Docket No. 1.)

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Childs is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

## IV. Conclusion

Based on the foregoing reasons, the Court finds Childs's Petition barred by the applicable statue of limitations. Respondent's Motion to Dismiss (Docket No. 14) will be GRANTED. The Petition will be DISMISSED. (Docket No. 1.) A COA will be DENIED.

Two motions remain outstanding. In Childs's Motion for Clarification (Docket No. 11), he asks for guidance on serving his filings on Respondent. It is apparent, however, that Childs has since properly served his filings on Respondent. In Childs's Motion to Grant Petition (Docket No. 19), Childs incorrectly asserts that Respondent failed to timely file a response to his Petition. Both outstanding motions will be DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 12-10-10